OPINION OF THE COURT
Memorandum.
The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and a new trial granted on the issue of damages on the first cause of action.
Plaintiffs decedent, Elaine Celetti, died on June 8, 1985, nearly two years after discovering that a painful lump in her left breast was cancerous and that the cancer had already begun to metastasize. This action was commenced alleging various acts of malpractice on the part of Dr. Alan Gibstein and his professional corporation in failing to properly diagnose the condition during a regular checkup 10 months before the cancer was discovered. The first cause of action sought damages for decedent’s conscious pain and suffering; the second cause of action was for wrongful death.
Defendants’ liability was established at trial and, although that finding was challenged on appeal to the Appellate Division, it is not in issue here. As limited by their brief, defendants challenge only so much of the Appellate Division order as affirmed the award of damages on the first cause of action.
*914 In this regard, defendants contend that the trial court erred in instructing the jury that it could make an award for the loss of enjoyment of life separate and distinct from an award for conscious pain and suffering. We agree. As we hold in a companion case (see, McDougald v Garber, 73 NY2d 246 [decided today]), loss of enjoyment of life is not a separate element of damages deserving a distinct award but is, instead, only a factor to be considered by the jury in assessing damages for conscious pain, and suffering.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., and Bellacosa concur in memorandum; Judges Alexander and Titone dissent and vote to affirm for the reasons stated in Judge Titone’s dissenting opinion in McDougald v Garber (73 NY2d 246, 258 [decided today]).
Order, insofar as appealed from, reversed, etc.