STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-632


CONSTANCE CORMIER

VERSUS

REPUBLIC INSURANCE COMPANY, ET AL.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20093469
HONORABLE DAVID ALEXANDER RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, Jimmie C. Peters, Marc
T. Amy, and Billy Howard Ezell, Judges.


AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

Peters, J., concurs in the result.

Amy, J., concurs in part, dissents in part, and assigns reasons.

J. Lee Hoffoss, Jr., Claude P. Devall, and Donald W. McKnight
Newman, Hoffoss & Devall
1830 Hodges St.
Lake Charles, LA 70601
(337) 439-5788
COUNSEL FOR PLAINTIFF APPELLANT:
    Constance Cormier

**Todd Michael Ammons**
**Stockwell, Sievert, Viccellio, Clements & Shaddock**
**One Lakeside Plaza, Fourth Floor**
**Lake Charles, LA 70602**
**(337) 436-9491**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
> **Republic Insurance Company**
> **LAMM Food Service, LLC**
> **Ron J. Scott**

**J. Lee Hoffoss, Jr.**
**Newman, Hoffoss & Devall**
**1830 Hodges Street**
**Lake Charles, LA 70601**
**(337) 439-5788**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
> **Constance Cormier**

**SAUNDERS, Judge.**

The plaintiff sought damages stemming from an automobile accident for which the defendant stipulated liability. The plaintiff sought damages from an automobile accident for which defendant stipulated fault. A jury determined damages and awarded medical expenses, loss of past wages, and damages for pain and suffering. The plaintiff appeals, seeking awards for disability and loss of enjoyment of life and also requesting an increase in pain and suffering damages. For the following reasons, we affirm in part, reverse in part, and render.

### Factual and Procedural Background

Constance Cormier filed this personal injury matter following an August 26, 2008 automobile accident. At the time of the accident, Ms. Cormier was stopped behind a refrigerated truck when the truck shifted into reverse, striking the front of Ms. Cormier's vehicle. Several hours later, Ms. Cormier reported to the emergency room. The emergency room records reveal complaints of pain to the left neck, shoulder, and upper arm areas. She was provided pain medication at that time.

Ms. Cormier initially pursued chiropractic treatment for her complaints and, ultimately, began treatment with Dr. Clark Gunderson, an orthopedic surgeon. Dr. Gunderson's records reveal that Ms. Cormier complained of left neck, shoulder, and knee pain, as well as lower back pain. Dr. Gunderson initially diagnosed Ms. Cormier as having a cervical and lumbar straining injury. He prescribed physical therapy to address the symptoms. Later, however, diagnostic testing ordered by Dr. Gunderson revealed a disc protrusion at the C5-6 level and narrowing at the C6-7 level. While some of Ms. Cormier's complaints improved during her early treatment, she continued to report headaches, neck, and arm pain. After a steroid injection did not resolve Ms. Cormier's pain, Dr. Gunderson performed a

discectomy and fusion at the C5-6 and C6-7 levels in July 2009. Thereafter, Ms. Cormier's complaints of pain improved. However, she continues to experience pain and weakness.

Ms. Cormier filed this matter, seeking damages related to the accident. She named the driver of the refrigerated truck as a defendant, as well as Lamm Food Service, LLC, and its insurer, Republic Insurance Company. The matter proceeded to a jury trial, with the defendants stipulating that the defendant driver was at fault in the accident when he stepped on the accelerator after the truck was knocked into reverse. They also stipulated that Lamm Food was insured by Republic at the time of the accident.

After the remaining issues were submitted to the jury, primarily the extent of Ms. Cormier's injuries, the jury determined that the defendants' actions were a legal cause of Ms. Cormier's injuries. It awarded Ms. Cormier $77,781.10 in past medical expenses and $13,985.40 in past income lost. As for general damages, the jury awarded $25,000.00 for "past mental and physical pain and suffering, discomfort, anxiety, distress, disfigurement, and inconvenience," and $35,000.00 for "future mental and physical pain and suffering, discomfort, anxiety, distress, disfigurement, and inconvenience." The jury denied awards for disability and loss of enjoyment and quality of life.

Ms. Cormier appealed the jury's award, questioning the quantum of the awards for past and future pain and suffering. She also asserts that the jury erred in failing to make awards for disability and loss of enjoyment and quality of life.

**Discussion**

*Past and Future Pain and Suffering*

We first address Ms. Cormier's contention that the $25,000.00 awarded for past pain and suffering and the $35,000.00 awarded for future pain and suffering

2

was inadequate. She argues that this collective $60,000.00 award is well below what was required by the record in light of the jury's obvious acceptance of the causation between the accident and her injuries. She instead suggests that reference to other cases merits a significant increase in the damages awarded in this area.

Louisiana Civil Code Article 2324.1 provides that: "In the assessment of damages in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury." The supreme court has described this discretion as "vast" and "such that an appellate court should rarely disturb an award." *Howard v. Union Carbide Corp.*, 09-2750, p. 5 (La. 10/19/10), 50 So.3d 1251, 1255-56 (citing *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993)). Thus, in reviewing an award of general damages, an appellate court reviews the exercise of discretion by the trier of fact rather than determining what it considers an appropriate award. *Id.*

Only *after* a determination that the trier of fact abused this vast discretion does an appellate court reference prior awards. *Id.* (citing *Coco v. Winston Indus., Inc.*, 341 So.2d 332 (La.1976)). Even then, it makes such reference only for the purpose of determining the highest or lowest point which is reasonably within the trier of fact's discretion.

After review of this record, we find no abuse of discretion in the jury's collective award of $60,000.00 for pain and suffering. This figure acknowledges that Ms. Cormier sustained injuries of such a nature as to warrant a two-level cervical fusion almost one year following the accident. During that time, Ms. Cormier was unable to work as a cashier, as revealed in the loss of wages award. However, reference to the medical records, both before and after the surgery, indicate that, while Ms. Cormier suffered from headaches and pain generally in the

3

neck, shoulder and arms, the pain was not so great as to require a greater award. Instead, Ms. Cormier demonstrated improvement throughout and, generally, demonstrated a preference to not take the pain medication prescribed for her condition. Dr. Gunderson's office notes for Ms. Cormier's post-surgery office visits show improved complaints, although obviously not an elimination of all complaints. When questioned at trial regarding the effectiveness of the surgery, Dr. Gunderson explained that "[t]his lady did very, very well." He stated that, according to his discharge summary, she reported "significantly reduced arm pain." When describing Ms. Cormier's post-surgical visits, he explained that within one week, her wound had healed and that she had no arm pain and "had relief of her headaches." He noted that this was the first time he had seen Ms. Cormier smile. When she returned in mid-August, Ms. Cormier told him that "she had no headaches, she was much better than prior to her surgery. She had normal strength in her arms. Again she was smiling." Furthermore,

> X-rays showed progression of her fusion, and she came back one more time on 9-30-09. She was three months post-operative. Only occasional neck pain. Her wound was healed. She had good strength. Her fusion was solid and I told her she could go back to full duty, and actually I saw her one more time on 12-11-09 for a follow-up x-ray and her fusion was solid and I discharged her.

Given this steady trend of improvement and the evidence regarding Ms. Cormier's positive result from surgery, we find no abuse of the jury's discretion in assessing $60,000.00 for both past and future pain and suffering. Because we find no abuse of the jury's discretion, the standard of review does not permit reference to prior awards for similar injuries. *See Coco*, 341 So.2d 332.

This assignment of error lacks merit.

*Disability & Loss of Enjoyment of Life and Quality of Life*

4

Ms. Cormier also contends that the jury erred in failing to award her a separate general damage award for disability. She contends that this award is necessitated not only by testimony regarding Ms. Cormier's ongoing complaints, but by Dr. Gunderson's testimony indicating that Ms. Cormier had a "15% permanent-partial impairment to the body" in light of the cervical fusion.

Disability is awardable as an element of general damages. *Wood v. American Nat. Prop. & Cas. Ins. Co.*, 07-1589 (La.App. 3 Cir. 12/23/08), 1 So.3d 764. In this case, Dr. Gunderson provided testimony regarding Ms. Cormier's disability. When asked to describe the anatomic disability rating assigned to Ms. Cormier, Dr. Gunderson explained: "[t]here are impairment ratings. They're anatomic impairment ratings. They're hard for lay people to understand, but there are books published and in this case she would have a 15% permanent-partial impairment to the body as a whole and that's an anatomic basis."

When asked about Ms. Cormier's limited range of motion following the surgery, Dr. Gunderson stated that: "Two of her fusions are - - two of her discs are fused, so they're not going to move, so there's going to be reduced motion." He remarked that residual pain in the neck and arm, as reported by Ms. Cormier, and an occasional weakness in the left hand are not unusual following this type of procedure.

Next, we will analyze Ms. Cormier's contention that the jury abused its discretion in failing to award her general damages for loss of enjoyment and quality of life. In *McGee v. AC & S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770, the supreme court explained that loss of enjoyment of life is awardable for detrimental alterations to a plaintiff's life or lifestyle or his or her inability to participate in the activities or pleasures of life that were enjoyed before the injury. Ms. Cormier argues that, in her case, the jury erred in failing to consider the impact

5

that her post-surgery limitations have had and will have on her in light of limitations inherent in her pre-existing hearing impairment.[1] In the appellant's brief, Ms. Cormier's counsel contends that many routine tasks, such as housework, were unusually important to Ms. Cormier's pre-injury lifestyle because they provided her with a feeling of independence. However, counsel argues, Ms. Cormier's ability to perform these tasks is now limited. Ms. Cormier's counsel also points to testimony from Ms. Cormier's mother, who explained to the jury that her daughter does not socialize as frequently as before the accident and, also, that she becomes more easily aggravated in light of her physical limitations.

Given the uncontroverted testimony of Dr. Gunderson and the testimonies of Ms. Cormier and her mother, we find that the jury abused its discretion in failing to award Ms. Cormier damages for her resulting disability and her loss of enjoyment and quality of life. As such, we reverse the portion of the jury's verdict that failed to award Ms. Cormier damages for her disability and her loss of enjoyment and quality of life.

Having found an abuse of discretion by the jury on these two elements of general damages, we must now decide the lowest reasonable award under the circumstances present in this case.

> [A]n examination of prior awards has a limited function if indeed the facts and circumstances of the prior awards are closely similar to the present. The prior awards may serve as an aid in this determination only where, on an articulated basis, the present award is shown to be greatly disproportionate to past awards (not selected past awards, but the mass of them) for (truly) "similar" injuries.

*Reck v. Stevens*, 373 So.2d 498, 501 (La.1979).

The jury in this case awarded Ms. Cormier a total of $60,000.00 for her general damages. Our review of the case law is that the lowest reasonable amount

---

[1] Ms. Cormier testified at trial with the assistance of a sign language interpreter.

to award Ms. Cormier in general damages for her injuries is $110,000.00. See *Bellard v. American Central Ins. Co.*, 07-1335, 07-1399 (La. 4/18/08), 980 So.2d 654, where our supreme court raised an award of $50,000.00 for general damages to $250,000.00 (later reduced by an offset of $50,000.00that had already been paid to the plaintiff by an insurer) for a plaintiff that underwent four surgeries including a cervical fusion; *Dauzat v. Canal Ins. Co.*, 96-1261 (La.App. 3 Cir. 4/9/97), 692 So.2d 739, where this court awarded $100,000.00 to a plaintiff that underwent a two-level cervical fusion.; and *Fox v. Texaco, Inc.*, 97-2126 (La.App. 1 Cir. 11/6/98), 722 So.2d 1064, where the first circuit noted that its independent review of cases involving cervical fusions revealed monetary damages from $85,000.00 to $300,000.00 in general damages.

Accordingly, we render that Ms. Cormier is entitled to $50,000.00 for her disability and loss of enjoyment and quality of live. This results in a total general damage award to Ms. Cormier of $110,000.00, the lowest reasonable amount given her injuries.

## DECREE

For the foregoing reasons, the judgment of the jury is affirmed in awarding Constance Cormier $60,000.00 for her past and future pain and suffering. The jury's judgment is reversed wherein it failed to award Constance Cormier damages for her resulting disability and loss of enjoyment of life and quality of life. After careful consideration of the record, we render that Constance Cormier is awarded $50,000.00 for her resulting disability and loss of enjoyment of life and quality of life. This results in a total general damage award to Constance Cormier of $110,000.00, the lowest reasonable award considering her injuries. All costs of this proceeding are assessed to the appellees, Republic Insurance Company, Lamm Food Service, LLC, and Ron J. Scott.

7

**AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

NUMBER 11-632

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

CONSTANCE CORMIER

VERSUS

REPUBLIC INSURANCE COMPANY, ET AL.

AMY, J., concurring in part and dissenting in part.

I largely agree with the majority opinion. However, I respectfully dissent from the opinion insofar as it reverses the jury's determination that the plaintiff failed to sustain her burden of proving entitlement to damages for disability and loss of enjoyment of life. Given the evidence presented, I find that a full affirmation is warranted.

As for the plaintiff's disability claim, Dr. Gunderson explained that Ms. Cormier had a "15% permanent-partial impairment to the body" in light of the cervical fusion. However, he spoke only generally regarding disability, testifying that impairment ratings are "hard for lay people to understand, but there are books published and in this case she would have a 15% permanent-partial impairment to the body as a whole and that's an anatomic basis." Dr. Gunderson further briefly explained that, due to the fusion of the plaintiff's discs, "they're not going to move, so there's going to be reduced motion." However, this is the limit of the evidence presented to the jury as to disability. Importantly, the plaintiff lacked explanation as to how such a disability rating would impact her future. With regard to the question of limited range of motion and the plaintiff's complaints of residual neck and arm pain, along with occasional weakness in the left hand, I point out that the jury awarded a separate amount for "future mental and physical pain and suffering, discomfort, anxiety, distress, disfigurement, and inconvenience." For these

reasons, I believe that the jury permissibly determined that the plaintiff did not prove entitlement to a distinct disability award.

Neither do I find error in the jury's rejection of the plaintiff's claim for loss of enjoyment of life and quality of life as a separate element of damages. Ms. Cormier argues that the jury erred in failing to consider the impact that her post-surgery limitations have had and will have on her life in light of pre-existing limitations due to her hearing impairment. However, the evidence in this regard was not so compelling as to require a separate award on this element of damages. Instead, I believe that the jury could have discounted testimony in this regard and could have further considered evidence regarding a social media website wherein Ms. Cormier positively reported her social activities without reference to limitations from her surgery. Thus, I would not disturb the jury's determination as to this claim. *See, e.g., Guillory v. Lee*, 09-0075 (La. 6/26/09), 16 So.3d 1104.

For these reasons, I would affirm the underlying judgment in full.