804 So.2d 112 (2001)
Errol and Bernice CAMPBELL individually and on behalf of their minor deceased child, Ariaine Campbell
v.
STATE FARM INSURANCE COMPANY, and the Estate of Gregory James Cross and or Joann Cross.
No. 2000-CA-2218.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 2001.
Brian G. Birdsall, Birdsall, Rodriguez, Kehoe & Riley, New Orleans, LA, for plaintiff/appellee.
*113 H. James Parker, Anthony J. Clesi, Jr., Evans & Clesi, PLC, New Orleans, LA, for defendant/appellant.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge MIRIAM G. WALTZER, and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.
At issue in this appeal is whether the anti-stacking statute, La.R.S. 22:1406, precludes plaintiffs, Errol and Bernice Campbell ("Mr. and Mrs. Campbell," "the Campbells"), from recovering under a second uninsured/underinsured motorist (UM) policy issued to them on a vehicle owned by them but not involved in the accident in question. The Campbells have accepted the UM limits on another policy covering another vehicle also owned by them and involved in the accident. For the following reasons, we reverse the judgment of the trial court in this case.
Mr. and Mrs. Campbell are the parents of a three-year-old child, Ariaine, who was killed in a vehicular accident in New Orleans on September 27, 1996. At the time of the accident, Ariaine was a back seat passenger in a vehicle driven by her mother. Mr. Campbell was driving directly behind his wife in another vehicle when his wife was involved in a head on collision with a vehicle driven by Gregory Cross. Mr. Campbell was not involved in the accident. Ariaine died at the scene of the accident.
Mr. and Mrs. Campbell sued various parties individually and on behalf of Ariaine. State Farm Mutual Automobile Insurance Company provided UM coverage to the Campbells under two separate policies, each applicable to one of the vehicles driven by plaintiffs at the time of the accident. It is undisputed that both policies provided UM limits of $25,000.00 per person and $50,000.00 per occurrence. The record indicates that State Farm paid the maximum limit of $50,000.00 to the Campbells under the policy covering the vehicle involved in the accident.
Mr. and Mrs. Campbell then sought to recover the UM limits under the remaining State Farm policy. After trial on the limited issue of whether plaintiffs could recover under the second policy, the trial judge issued a judgment on June 20, 2000 in favor of the Campbells, ordering State Farm to pay to plaintiffs, "policy limits of $25,000.00 each, for a total of $50,000.00...." Although no reasons were provided for the ruling, the trial judge's focus during the brief hearing appeared to be on plaintiffs' Lejeune claims.[1]
State Farm appeals the trial court's June 20, 2000 judgment, arguing that Louisiana's anti-stacking statute prohibits recovery by plaintiffs under the two UM policies issued on separate vehicles they owned. State Farm further argues that the two cases relied upon by Mr. and Mrs. Campbell, Boullt v. State Farm Mutual Automobile Insurance Co., 99-0942 (La.10/19/99), 752 So.2d 739 and Crabtree v. State Farm Ins. Co., 93-0509 (La.2/28/94), 632 So.2d 736, are distinguishable. In response, Mr. and Mrs. Campbell argue that although their survival action and wrongful death claims derive from Ariaine's injuries, their Lejeune claims are separate and distinct causes of action.
*114 With one exception that does not apply in the instant case, Louisiana's anti-stacking statute prohibits insureds from combining or "stacking" UM benefits. See Boullt, 752 So.2d at 742. La.R.S. 22:1406(D) provides in part:
(1)(c)(i) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased ... when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy[.]
The Boullt decision is distinguishable and does not provide authority for plaintiffs to stack coverage on their two State Farm UM policies. In Boullt, the Supreme Court determined that divorced parents with separately owned insurance policies could recover damages under their respective policies for the wrongful death of their minor daughter who was a guest passenger in a vehicle not owned by either parent.
Concluding that "this case is not a situation of an insured stacking but of distinct and individual insureds each seeking separate recovery under separate policies covering the same event", the Court outlined the unique facts and circumstances which led to this conclusion, including that the parents were legal strangers to each other and to the other's UM policy; separate premiums were charged to and paid by different insureds for the separate policies; and neither parent was insured under the other's policy. 752 So.2d at 744-45. Integral to the Court's finding that allowing each parent to seek recovery under their own policy for their own individual damages would not violate the anti-stacking statute, was that the person seeking to combine coverages must be insured under all the policies for stacking to be an issue. 752 So.2d at 743-45.
Whereas the divorced parents in Boullt were not covered under each other's policies, the parents in the instant case are insureds under both State Farm UM policies at issue. Boullt, therefore, is not applicable to the case before us in this appeal.
As the trial judge indicated, the significant issue in this case is whether plaintiffs can recover the UM limits on their second policy based on their Lejeune claims. The Campbells rely on the Supreme Court's holding in Crabtree. In Crabtree, the Court determined that a wife's Lejeune claim suffered when she witnessed an injury to her husband, constituting a separate bodily injury under a State Farm policy and thereby entitling the wife to her own per person policy limit subject to the aggregate per accident limit. The language of the policy was crucial to the Court's decision.
The State Farm policy in Crabtree provided $25,000.00 in coverage for damages due to bodily injury to each person with an aggregate of $50,000.00 in bodily injury for each accident regardless of the number of people injured in the accident. The Court quoted the pertinent policy language:
The amount of bodily injury liability coverage is shown on the declarations page under "Limits of LiabilityCoverage ABodily Injury, Each Person, Each Accident". Under "Each Person" is the amount of coverage [$25,000] for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage [$50,000], subject to the amount shown under "Each Person", for all damages due to bodily injury to *115 two or more persons in the same accident.
The policy defines "bodily injury" as "bodily injury to a person and sickness, disease or death which results from it."
Plaintiffs contend State Farm is liable under the $50,000 aggregate policy limit for "all damages due to bodily injury to two or more persons in the same accident." State Farm contends its liability is limited to the $25,000 policy limit for "all damages due to bodily injury to one person."
* * *
If "bodily injury to one person" encompasses Mrs. Crabtree's mental anguish, then State Farm's liability is limited to the $25,000 policy limit for "all damages due to bodily injury to one person." If not, and if Mrs. Crabtree's mental anguish constitutes "bodily injury" suffered "in the same accident," then State Farm is liable under the $50,000 aggregate policy.
632 So.2d at 739-40.
The Court in Crabtree concluded:
... even if Mrs. Crabtree's Lejeune claim "derives from" or "results from" Mr. Crabtree's bodily injuries within the intendment of the policy language defining "bodily injury to one person," under this policy "bodily injury to one person" does not encompass Mrs. Crabtree's Lejeune claim.
632 So.2d at 741.
Although the Crabtree decision is instructive on the issue of Lejeune damages, it is not determinative in the instant case. Apparently as a result of Crabtree, State Farm altered its standard limits of liability under the UM section to read as it does in the policies in the instant case:
Under "Each Person" is the amount of coverage for all damages due to bodily injury to one person. "Bodily injury to one person" includes all injury, including bodily injury, and damages to others resulting from this bodily injury. Under "Each Accident" is the total amount of coverage, subject to the amount shown under "Each Person", for all damages due to bodily injury to two or more persons in the same accident.
This is precisely the language, suggested by the Court in Crabtree, which would make Lejeune damages not subject to a separate per person limit, instead making "bodily injury to one person" encompass Lejeune claims. 632 So.2d at 742. Moreover, even if Mr. and Mrs. Campbell's Lejeune claims were entitled to a separate per person limit, plaintiffs would still be subject to the aggregate per accident limit, an amount which they have already received in full. Because Crabtree involves only one UM policy, there is no issue of stacking policies. The Crabtree case, therefore, is clearly distinguishable from the case before us.
The anti-stacking provision of La.R.S. 22:1406 prevent Mr. and Mrs. Campbell from recovering under their second UM policy. There is no jurisprudence suggesting otherwise. For these reasons, we find that the trial court erred in ruling that plaintiffs were entitled to recover the per accident limit under a second State Farm UM policy. Accordingly, we reverse the trial court's judgment.
REVERSED.
NOTES
[1] In Lejeune v. Rayne Branch Hospital, 556 So.2d 559 (La.1990), the Supreme Court recognized a plaintiff's right to recover damages for mental pain and anguish caused by witnessing serious injury to a close relative. The Lejeune ruling was subsequently codified in La.Civ.Code art. 2315.6.