STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-946


NORMA JEAN HARDY
AND JONATHAN DAVID HARDY

VERSUS

GENE M. AUGUSTINE, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-4854
HONORABLE WILFORD CARTER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED AS AMENDED.**


Elizabeth Sheridan Hardy
Thomas & Hardy
2380 Lake Street
Lake Charles, LA 70601
(337) 433-4903
Counsel for Plaintiffs/Appellees:
    Norma Jean Hardy
    Jonathan David Hardy

**Frank M. Walker, Jr.**
**Plauche, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602-1705**
**(337) 436-0522**
**Counsel for Defendant/Appellant:**
**State Farm Mutual Automobile**
**Insurance Company in its**
**Capacity as UM Carrier**

**Michael H. Schwartzberg**
**Vamvoras & Schwartzberg**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**Counsel for Defendant/Appellant:**
**Gene M. Augustine**

**James A. Blanco**
**Mitchell & Blanco, LLC**
**Capital One Tower, Suite 1459**
**Lake Charles, LA 70629**
**(337) 436-8686**
**Counsel for Defendant/Appellant:**
**Gene M. Augustine**

**Russell J. Stutes, Jr.**
**P. Jody Lavergne**
**Stutes & Lavergne, LLC**
**P.O. Box 1644**
**Lake Charles, LA 70602**
**(337) 433-0022**
**Counsel for Plaintiffs/Appellees:**
**Norma Jean Hardy**
**Jonathan David Hardy**

**David Laine Morgan**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P.O. Box 2900**
**Lake Charles, LA 70602**
**(337) 436-9491**
**Counsel for Defendant/Appellant:**
**State Farm Mutual Auto Insurance Company**

**DECUIR, Judge.**

The defendant, Gene Augustine, appeals the trial court's determination that past and future loss of love, affection and companionship and past and future grief and anguish are recoverable as separate elements of general damages that may be included as separate items on a jury verdict form.

## FACTS

On July 12, 2008, Gene Augustine swerved his pickup truck into an oncoming lane of traffic. He collided with a motorcycle operated by seventeen-year-old Elliot Hardy. Elliot was killed instantly. Elliot's parents, David and Norma Jean Hardy, brought separate claims for damages suffered as a result of the wrongful death of Elliot against Augustine and his liability insurer, State Farm Mutual Automobile Insurance Company (State Farm).

Prior to trial, Augustine objected to the jury verdict sheet which treated (1) loss of love, affection, and companionship, and (2) grief and anguish as separate elements of damages for each parent. Ultimately, the jury awarded each parent $200,000.00 for "loss of love, affection, and companionship" and $100,000.00 for "grief and anguish" in addition to $12,630.04 for funeral expenses, $9,316.48 for past medical care, and $8,000.00 for future medical care. Augustine lodged this appeal. State Farm lodged a separate appeal which was consolidated with the present appeal for argument. *Hardy v. Augustine*, 10-384 (La.App. 3 Cir. __/__/11), ___ So.3d ___.

## DISCUSSION

Augustine alleges that the jury made duplicative awards because the trial court erred in allowing the jury verdict sheet to contain separate lines for "loss of love, affection, and companionship" and "grief and anguish."

The first issue we must resolve is whether "loss of love, affection, and companionship" and "grief and anguish" are recoverable as separate elements of general damages that may be included as separate items on a jury verdict form. In *McGee v. A C and S, Inc.*, 05-1036 (La. 7/10/06), 933 So.2d 770, the supreme court addressed the same question with regard to "enjoyment of life." We find the following portion of that opinion helpful for our purposes:

As established above, loss of enjoyment of life is a component of general damages and therefore loss of enjoyment of life is not separate and distinct from general damages. Nevertheless, general damages in Louisiana are routinely dissected. Courts commonly list different elements of general damages, including mental anguish and physical pain and suffering, both past and future, separately. In addition, general damages for permanent scarring and/or disfigurement are often listed separately. Thus, allowing a separate award for loss of enjoyment of life would not offend the existing concept of general damages and would reflect the accepted method of listing elements of general damages separately.

Moreover, loss of enjoyment of life is conceptually distinct from other components of general damages, including pain and suffering. Pain and suffering, both physical and mental, refers to the pain, discomfort, inconvenience, anguish, and emotional trauma that accompanies an injury. Loss of enjoyment of life, in comparison, refers to detrimental alterations of the person's life or lifestyle or the person's inability to participate in the activities or pleasures of life that were formerly enjoyed prior to the injury. In contrast to pain and suffering, whether or not a plaintiff experiences a detrimental lifestyle change depends on both the nature and severity of the injury and the lifestyle of the plaintiff prior to the injury.

The First Circuit Court of Appeal, in *Matos v. Clarendon Nat'l Ins. Co.*, 00-2814, p. 9 (La App. 1 Cir. 2/15/02), 808 So.2d 841, 848, described the difference between pain and suffering and loss of enjoyment of life as follows:

The same injuries may affect people differently. A quiet, reclusive person with a desk job may have pain and suffering from losing a leg. He would have a permanent disability but he would be able to continue work. He may have some loss of enjoyment of life but not to the extent that person who liked to hike, hunt or play tennis would. A person with a bad back and grown children, who does

2

not do heavy lifting, may not lose as much enjoyment of life as someone with young children who cannot play "horse" or enjoy the squeals of a young child being tossed into the air. Life is much more than simple toil and sometimes the greatest pleasures come from the simplest things.

Consider, for example, two boys, one athletic and the other artistic, who are both involved in an accident and suffer similar injuries. Presumably, each boy should be awarded a similar quantum of damages for pain and suffering. However, the same injury may affect the boys very differently. The artist's lifestyle was not drastically altered by the accident, as he was able to resume his artistic activities after the accident, whereas the athlete's lifestyle is altered significantly, as he has to resign from his team and can no longer participate in athletics. Arguably, the athlete may be entitled to a greater pain and suffering award if he can demonstrate his mental anguish occasioned by the accident and its consequences. The athlete is damaged, however, well beyond his mental anguish over not being able to participate in athletics because now the athlete is forced to drastically alter his lifestyle as a result of his accident. The athlete is no longer able to participate in athletics, in competition or at practice, and has to find another avocation to fill his leisure time. Moreover, he no longer spends a significant amount of time with his teammates and is forced to seek out new friends. These detrimental changes in lifestyle go uncompensated in an award for pain and suffering. Under these circumstances, the drastic lifestyle change required of the athlete, as compared with the artist, warrants an additional award for the athlete's loss of enjoyment of life. To ignore the athlete's change in lifestyle and to award each boy roughly the same quantum of damages because each experienced similar pain and suffering would fail to compensate the athlete for all of his damage.

Given the conceptual difference between pain and suffering and loss of enjoyment of life, a separate award for loss of enjoyment of life is warranted and is not duplicative of the award for pain and suffering, if the damages resulting from loss of enjoyment of life are sufficiently proven. When given the proper jury instructions, jurors can comprehend the difference between the pain and suffering of being in a hospital, undergoing treatment, etc. and the loss of enjoyment of life that occurs because the injured party can no longer participate in a vocation or avocation that the party enjoys.

*Id.* at 774-76. (Citations omitted.)

As we read *McGee*, it is not necessarily error to separate elements of general damages on jury forms. However, for such separation to be appropriate, there must

3

be a conceptual difference between the elements being separated. In this case, Augustine does not seriously dispute that loss of love, affection, mental pain, suffering and distress can be listed as a separate line on a jury verdict form. Instead, Augustine argues that this element should not be broken down further to separate out "grief and anguish." We agree.

Applying the analysis expressed in *McGee*, we fail to see how "grief and anguish" are conceptually different than "loss of love, affection, and companionship." "Grief and anguish" are the expression of the "loss of love, affection, and companionship" not distinct elements of damage. There is no comparable differentiation between damages suffered by one person over another as in *McGee*. The injury is the same, though how an individual responds may be different in each case and may result in different awards depending on the evidence presented. Accordingly, we find the trial court erred in allowing a jury verdict sheet with separate lines for "loss of love, affection, and companionship" and "grief and anguish."

The question now is how to address the jury's verdict. Augustine suggests that the award is duplicative and that we should amend the judgment to remove the awards of $100,000.00 to each parent for "grief and anguish." We are not persuaded by this suggestion. We have not held that "grief and anguish" should not be considered as components of general damages. To the contrary, we have simply held that they should not be listed separately on a jury verdict form. Accordingly, the remaining question for this court is whether the jury's award of $300,000.00 in general damages to each parent for the wrongful death of Elliot Hardy is excessive.

4

The Supreme Court has defined the role of the appellate court when faced with a challenge to a general damage award on appeal:

> [T]he role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration.
>
> . . . .
>
> The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. . . . Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion.

*Youn v. Maritime Overseas Corp.*, 623 So.2d 1257, 1260 (La.1993) (citations omitted), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). In determining whether an abuse of discretion has been shown, the relevant evidence must be viewed in the light which offers the most support to the trial court's judgment. *Id.*

Applying these standards, we must consider whether the jury's award of $300,000.00 for general damages to each parent constitutes an abuse of discretion. After careful review of the record , we find no abuse of discretion in the jury's award.

**DECREE**

For the foregoing reasons, the judgment of the trial court is amended to combine the awards of $200,000.00 in "past and future loss of love, affection, and companionship" and $100,000.00 in "past and future grief and anguish" for each parent into an award of $300,000.00 in general damages for David Hardy and an award of $300,000.00 in general damages for Norma Jean Hardy. All costs of these proceedings are taxed to appellant, Gene Augustine.

**AFFIRMED AS AMENDED.**

5