STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-384

NORMA JEAN HARDY AND
JONATHAN DAVID HARDY

VERSUS

GENE AUGUSTINE, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-004854
HONORABLE WILFORD CARTER, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Marc T. Amy, and J. David Painter, Judges.

REVERSED AND RENDERED.

Elizabeth Sheridan Hardy
Thomas & Hardy
2380 Lake St.
Lake Charles, LA 70601
(337) 433-4903
Counsel for Plaintiffs/Appellees:
    Norma Jean Hardy
    Jonathan David Hardy

**Frank M. Walker**
**Plauché, Smith & Nieset**
**P. O. Box 1705**
**Lake Charles, LA 70602-1705**
**(337) 436-0522**
**Counsel for Defendant/Appellant:**
    **State Farm Mutual Automobile Insurance Company**

**Michael H. Schwartzberg**
**Vamvoras, Schwartzberg & Hinch**
**1111 Ryan Street**
**Lake Charles, LA 70601**
**(337) 433-1621**
**Counsel for Defendant/Appellee:**
    **Gene M. Augustine**

**James Anthony Blanco**
**Mitchell & Blanco**
**One Lakeshore Drive, Suite 1495**
**Lake Charles, LA 70629**
**(337) 436-8686**
**Counsel for Defendants/Appellees:**
    **State Farm Mutual Automobile Insurance Company**
    **Gene M. Augustine**

**Russell Joseph Stutes, Jr.**
**P. Jody Lavergne**
 **Stutes & Lavergne, LLC**
**600 Broad Street**
**Lake Charles, LA 70601**
**(337) 433-0022**
**Counsel for Plaintiffs/Appellees:**
    **Norma Jean Hardy**
    **Jonathan David Hardy**

**DECUIR, Judge.**

State Farm appeals a judgment of the trial court finding the anti-stacking statute, La.R.S. 22:1295(1)(c), did not bar plaintiffs from recovering under both uninsured/underinsured motorist (UM) policies issued to them by State Farm.

## FACTS

On July 12, 2008, Gene Augustine swerved his pickup truck into an oncoming lane of traffic. He collided with a motorcycle operated by seventeen-year-old Elliot Hardy. Elliot was killed instantly. Elliot's parents, David and Norma Jean Hardy, brought separate claims for damages suffered as a result of the wrongful death of Elliot against Augustine and his liability insurer, State Farm Mutual Automobile Insurance Company (State Farm). Anticipating that the judgment would exceed Augustine's primary policy limits of $50,000.00, the Hardys also sought to recover from State Farm as their UM carrier.

State Farm provided UM coverage to the Hardys under two separate policies. The Hardys are both "insureds" under both policies and the policies provide the same UM limits of $100,000.00 per person and $300,000.00 per occurrence. State Farm filed a motion for summary judgment seeking to prevent the Hardys from recovering under both policies should the damages exceed Augustine's liability limits and the first of State Farm's UM policies. The Hardys and Augustine filed cross motions for summary judgment on the same issue. On December 16, 2009, the trial court entered judgment denying State Farm's motion for summary judgment and granting the Hardys' and Augustine's motions and the matter proceeded to trial. Ultimately, the jury awarded each parent $200,000.00 for "loss of love, affection, and companionship" and $100,000.00 for "grief and anguish" in addition to $12,630.04 for funeral expenses, $9,316.48 for past medical care, and $8,000.00 for future

medical care. State Farm and Augustine have tendered all but the $100,000.00 policy limits of the second UM policy. The trial court entered judgment on February 1, 2010. State Farm lodged this appeal from the court's December 16, 2009 judgment alleging the trial court erred in its ruling on the cross motions for summary judgment filed by the parties. Augustine lodged a separate appeal which was consolidated with the present appeal for argument. *Hardy v. Augustine*, 10-946 (La.App. 3 Cir. 1/__/11), ___ So.3d. ___.

## DISCUSSION

State Farm alleges the trial court erred in denying its motion for summary judgment and granting the cross motions for summary judgment filed by the Hardys and Augustine. Specifically, State Farm contends the trial court erred in finding that the anti-stacking statute, La.R.S. 22:1295(1)(c), did not bar plaintiffs from recovering under both uninsured/underinsured motorist (UM) policies issued to them by State Farm. We agree.

An appellate court reviews summary judgments *de novo*, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The Louisiana anti-stacking statute, La.R.S. 22:1295(1)(c), applies to insureds who have elected to have uninsured motorist coverage and provides in pertinent part:

. . . . such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance, and such limits

2

of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; . . . .

The statute is the subject of a considerable amount of jurisprudence. The focus of the inquiry in this case is the Louisiana Supreme Court's holding in *Boultt v. State Farm Mut. Auto. Ins. Co.*, 99-0942 (La. 10/19/99), 752 So.2d 739, and the fourth circuit's holding in *Campbell v. State Farm Ins. Co.,* 00-2218 (La.App. 4 Cir. 11/14/01), 804 So.2d 112. In *Boultt,* the court explained:

> Stacking of UM coverages occurs when the amount available under one policy is inadequate to satisfy the damages alleged or awarded the insured and the same insured seeks to combine or stack one coverage on top of another for the same loss covered under multiple policies or under multiple coverages contained in a single policy.

*Boultt*, 752 So.2d at 742. The court ultimately found that divorced parents who had separate UM policies on which the former spouse was not a named insured could each recover under their own policy. *Id.* The court noted the unique factual circumstance created by a situation where the anti-stacking situation did not apply. *Id.* Moreover, in explaining its ruling, the court emphasized the parents' separate legal status and separate contractual relationship with their insurer. *Id.* In *Campbell*, the court distinguished *Boultt* noting that the Campbells were married and were both "insureds" under both policies and, therefore, were barred by the anti-stacking provision of La.R.S. 22:1295(1)(c).

The Hardys argue that it is unreasonable for divorced parents to be entitled to stack policies while married parents are not. While appealing at first glance, this argument fails upon closer consideration of *Boultt. Boultt* does not stand for the proposition that divorced parents are entitled to stack policies. *Boultt* stands for the proposition that the anti-stacking statute is not applicable when separate legal persons

3

have entered into separate contracts with an insurer to provide coverage that does not include the other contracting person as an "insured."

In this case, the Hardys are married parents who are both "insureds" under both policies. Accordingly, they do not meet the conditions outlined in *Boultt* and are barred from recovering under their second policy by La.R.S. 22:1295(1)(c). The trial court erred as a matter of law in granting the motions for summary judgment in favor of Augustine and the Hardys and in denying State Farm's motion.

**DECREE**

For the foregoing reasons, the judgment of the trial court is reversed. Judgment is hereby entered granting summary judgment in favor of State Farm and limiting the Hardys' recovery to one of the State Farm UM policies. The motions for summary judgment filed by the Hardys and Augustine are denied. All costs of these proceedings are taxed to appellee, Gene Augustine.

**REVERSED AND RENDERED.**

4