AMY, J,
concurring in part and dissenting in part.
hi respectfully dissent from the majority opinion’s conclusions regarding the separate listings of general damages elements on the jury verdict sheet. In my opinion, the form erroneously duplicated conceptually similar areas of recovery.
The form at issue in this case inquired, in pertinent part, as follows:
1. What amount, if any, in compensatory damages do you award on behalf of Nicholas Isaac?
a. Past, present and future mental anguish, grief and anxiety due to the wrongful death and loss of his mother.
b. Past, present and future loss of the love and affection of his mother
c. Loss of society, service and consortium of his mother
d. Loss of financial support by his mother, Jo Ann Isaac
(Emphasis added.)
As addressed in the majority opinion, the supreme court, in McGee v. AC and S, Inc., 05-1036 (La.7/10/06), 933 So.2d 770, found no error in the use of a verdict sheet that listed “loss of enjoyment of life” as a separate element of general damages. It noted a conceptual difference between the element of “loss of enjoyment of life” and broad categories of general damages such *1147 as pain and suffering, both physical and mental.
| PH owe ver, I do not find that McGee necessarily permits the type of further sub-division contained on the verdict sheet under review, i.e., “mental anguish, grief, and anxiety,” “loss of love and affection” and “loss of society, service and consortium.”
Rather, I find this court’s decision in Hardy v. Augustine, 10-946 (La.App. 3 Cir. 2/2/11), 55 So.3d 1019, unit denied, 11-0470 (La.4/25/11), 62 So.3d 92, squarely on point with and applicable to this case. In Hardy, the panel considered whether the general damages element of mental pain and suffering could be further sub-divided to list one portion of that element, “grief and anguish,” separately from another portion of that element, “loss of love, affection, and companionship.” Hardy rejected that further sub-division, finding that the injury, itself, is the same for both sub-divisions. The panel determined that the former, “grief and anguish,” is merely an expression of the latter, “loss of love, affection, and companionship.” I adhere to that view here. Accordingly, I find that the trial court erred in permitting “mental anguish, grief and anxiety” to be listed separately from “loss of love and affection.”
Further, and the more pronounced problem in my opinion, is the additional listing of “loss of society, service, and consortium.” I see no sufficient distinction between love/affection and society/consortium, so as to permit a separate line entry for these sub-divisions. In McGee, for example, the supreme court explained that loss of consortium is a harm to relational interest, something that, in my opinion, would include loss of love and affection. Additionally, jurisprudence supports the view that a consortium claim includes, among other things, loss of love and affection, society and companionship, services, and support. See, e.g., Willis v. Noble Drilling, 11-598 (La.App. 5 Cir. 11/13/12), 105 So.3d 828 (citing Finley v. Bass, 478 So.2d 608 (La.App. 2 Cir.1985)). See also Lonthier v. Northwest Ins. Co., 497 So.2d 774 (La.App. 3 Cir.1986) (wherein a panel of this court discussed loss of love, companionship, and affection within the context of the element of “society” within a consortium claim).
Finally, the potential confusion of the overlapping areas of recovery was exacerbated by the fact that the jury was asked to make an award, not only for “loss of society, service and consortium,” but to also make a separate award for “loss of financial support.” As jurisprudence discusses support as an element of consortium, I believe that these separate awards resulted in a duplicative award.
Accordingly, I find merit in the defendants’ assignment regarding the nature of the verdict sheet and dissent from the majority opinion in this regard. Given the patent duplication between the jury’s awards for “loss of society, service and consortium” and “loss of financial support,” I would reverse the separate, $300,000 award for the latter.
To the extent that the remaining overall general damages award of $2,500,000 is not an abuse of discretion, I join in the majority’s affirmation of that overall figure. See Hardy, 55 So.3d 1019 (wherein the panel reviewed the overall general damage award for abuse of discretion after determining that the jury verdict sheet should not have contained separate lines for “loss of love, affection and companionship” and for “grief and anguish.”)
As for the remaining issues, including the amendment of the abusively low exemplary damages awarded, I join in the majority opinion.