CONERY, J.
concurs in part, dissents in part, and assigns written reasons.
^PROCEDURAL POSTURE
Sitting en banc, the majority voted to uphold a Jury Verdict Form that separated general damages into three parts and affirmed a record general damage award of $2,500.000.00 on behalf of a then ten-year-old boy for the wrongful death of his mother. Two members of the court dissented in part and concurred in part, finding the jury verdict form was improper, but the error did not lead to an excessive verdict. The majority and concurring opinions affirmed the jury’s award for loss of support as well as the jury’s decision to award punitive damages but voted to increase the punitive damage award from $100,000.00 to $500,000.00. Another member of the court concurred with the majority, finding the Jury Verdict Form proper, but dissented on the issue of general damages, finding the total jury award excessive. That judge concurred with the majority on the jury’s decision to award punitive damages and agreed with the amount set by the jury.
For the reasons which follow, I respectfully dissent from the affirmation of the *1149 general damage award and the award for loss of support. I join the dissenting opinion holding that the separation of general damages on the Jury Verdict Form was error. I concur in the decision to affirm the jury’s finding that punitive | {.damages were due, but dissent from the increase in punitive damages.
ISSUES AND DISCUSSION
There are four assignments of error for us to review.
Assignment of Error Number 1 — Jury Verdict Form
I join the concurring opinion and would adopt the rationale of Hardy v. Augustine, 10-946 (La.App. 3 Cir. 2/2/11), 55 So.3d 1019, unit denied, 11-0470 (La.4/25/11), 62 So.3d 92.
Assignment of Error Number 2 — Excessive Verdict
The jury awarded $2,500,000.00 in general damages. The standard used in reviewing a general damage award is abuse of discretion. I disagree with the majority and concurring opinions and find that the jury award is an abuse of discretion. The jury awarded damages as follows:
1. What amount, if any, in compensatory damages do you award on behalf of Nicholas Isaac?
a. Past, present and future mental anguish, grief and anxiety due to the wrongful death and loss of his mother $1,000,000.00
r $1,000,000.00 b. Past, present and future loss of the love and affection of his mother
$500,000.00 e. Loss of society, service and consortium of his mother
$300,000.00 d. Loss of financial support by his mother, JoAnn Isaac
$18,819.90[1] e. Funeral expenses for his mother, Jo Ann Isaac
Finding that the jury abused its discretion, the award must be reduced to the highest amount based on similar prior awards and the evidence produced at trial. Howard v. Union Carbide Corp., 09-2750 (La.10/19/10), 50 So.3d 1251.
|aThe highest award ever affirmed by a Louisiana appellate court for the wrongful death of a parent brought on behalf of a minor child was $750,000.00. Raymond v. Gov’t Employees Ins. Co., 09-1327 (La. App. 3 Cir. 6/2/10), 40 So.3d 1179, writ denied, 10-1569 (La.10/8/10), 46 So.3d 1268. The jury award in this case is three and one-third times higher. The child in this case, Nicholas, was only ten years old and was living with his father at the time of his mother’s death. The child in the Raymond case had an intact family and had an especially close and loving relationship with his parents.
The record in this case on the issue of general damages is scant. Quite simply, the evidence does not support such a high award. I would reverse the jury’s $2,500,000.00 general damage award and, using the abuse of discretion standard, would award $750,000.00, the highest award that can be affirmed as set by this court in Raymond. See also Brossett v. Howard, 08-535 (La.App. 3 Cir. 12/10/08), 998 So.2d 916, unit denied, 09-0077 (La.3/6/09), 3 So.3d 492 ($500,000.00 for a *1150 nine-month-old daughter who lost her father when an intoxicated motorist drove across the highway striking his vehicle); Estate of Francis v. City of Rayne, 08-359 (La.App. 3 Cir. 10/03/07), 966 So.2d 1105, writ denied, 07-2119 (La.2/15/08), 976 So.2d 176 ($650,000.00 to ten-year-old son whose father was killed as a result of a shooting involving a low-speed police pursuit — the father was the primary caregiver and the death of his father was devastating to the child).

Assignment of Error Number Three-Loss of Support

The evidence at trial was almost totally lacking as to any type of support the mother provided to Nicholas. In order to be compensated for this item of damages, 14this court has held there must be proof of “prior actual support.” Newsom v. State, Dept. of Trans, and Dev., 93-815, p. 10 (La.App. 3 Cir. 3/30/94), 640 So.2d 374, 381, writ denied, 641 So.2d 207 (La.1994).
The evidence showed that at the time of her death, Ms. Isaac was making about $15,000.00 per year. She had to support herself and two teenage daughters on that income. There was very little money, if any, available to send for Nicholas’ support, and there was no evidence that Ms. Isaac sent any amount whatever to Victor Rachal, Nicholas’ father.
There was some testimony in the record from the grandmother that Ms. Isaac “dressed her children well and took good care of them.” However, that testimony falls far short of proving actual financial support. Though it is part of the parental obligation to clothe, feed, and shelter one’s child, there was no evidence as to how much Ms. Isaac spent on clothing, food, and shelter for Nicholas.[2] The burden of proof is on the plaintiff to prove each element of damages by a reasonable preponderance of the evidence. At best, the evidence showed that Ms. Isaac bought some clothes and furnished some food and shelter for Nicholas on the weekends he was with her.
Based on circumstantial evidence, Ms. Isaac clothed, housed, and fed Nicholas about 100 days per year, counting most weekends and some split summers and holidays. At a generous estimated expense of $100.00 per day, she would have spent $10,000.00 per year. Loss of support through age eighteen, i.e., for ten years during the remainder of Nicholas’ minority, would then total $100,000.00. I would award $100,000.00 for loss of support, being the highest award supported by the record. See Nigreville v. Federated Rural Elec. Ins. Co., 1593 — 1202 (La.App. 3 Cir. 10/11/94), 642 So.2d 216, writ denied, 94-2803 (La.1/27/95), 649 So.2d 384.

Assignment of Error Number 4-Impair-ment and Punitive Damages

Defendant alleges the jury erred in finding that Justin Brouillette was impaired at the time he lost control of the vehicle he was driving, and that his impairment was a cause in fact of the death of Ms. Isaac.
I agree with the majority and concurring opinions on this issue and would affirm the jury’s finding that Mr. Brouillette was clearly impaired by illegal drugs at the time he struck Ms. Isaac, and his impairment was a substantial factor in causing her death.
Plaintiff answered the appeal and claimed as an assignment of error that the $100,000.00 awarded by the jury for punitive damages was an abuse of discretion and erroneously low.
There are no Louisiana appellate cases increasing a trial court’s punitive damage award. Defendant in this case was convicted of three counts of vehicular homi *1151 cide, and on two of the counts he was sentenced to five years at hard labor to run concurrently. His expected parole release date, according to the record, is 2013. Because of lack of means, it is highly unlikely that Mr. Brouillette will ever be able to pay the award made by the jury. Inability to pay is a substantial factor for the jury to consider in making an award of punitive damages. Grefer v. Alpha Technical, 02-1237 (La.App. 4 Cir. 08/08/07), 965 So.2d 511, writ denied, 07-1800 (La.11/16/07), 967 So.2d 523. The $100,000.00 awarded in this case was well within the jury’s discretion.
CONCLUSION
For all of these reasons, I would reverse the record $2,500,000.00 Judgment | Rof the trial court for general damages and, using the abuse of discretion standard, award $750,000.00 in compensatory general damages, the highest award supported by the evidence and the case law. I join the dissenting opinion on the issue of duplication of damages on the Jury Verdict Form and would follow the Hardy rationale. I find the $300,000.00 award for loss of support to be an abuse of discretion and would award $100,000.00 for loss of support. I would maintain the $100,000.00 punitive damage award set by the jury.

. The funeral expenses were stipulated to be $10,819.90, and that amount was corrected in the Final Judgment. There was no appeal from the award for funeral expenses.

. La.Civ.Code art. 227