DENNIS R. BAGNERIS, SR., Judge.
| defendants, Mr. and Mrs. Joseph Fein III and Mr. and Mrs. Jerome Fein, appeal a judgment of the trial court that granted Plaintiffs, Orleans District Redevelopment Corporation’s, motion for summary judgment. The motion for summary judgment sought to quiet title to immovable property located at 4616-18 S. Johnston Street, New Orleans, Louisiana. Because we find there are genuine issues of material fact that preclude summary judgment, we hereby reverse the judgment of the trial court and remand the matter for further proceedings.
FACTS
Mr. and Mrs. Joseph Fein, III and Mr. and Mrs. Jerome Fein were the record owners of the immovable property located at 4616-18 S. Johnson Street in Orleans Parish from June 1984 to November 11, 2003. However, on November 12, 2003, the property was sold to LeBorne II at a tax sale for $15, 839.83. Following the tax sale, the collector of ad valorem taxes for the city executed a tax deed on January 12, 2004, in favor of LeBorne II, transferring “Mr. and Mrs. Joseph Fein III” rights, title and interest in and to the property for non-payment of taxes for the years 1997-2002, totaling $15,839.83. According to the January 12, 2004, tax [2deed, notice of the unpaid ad valorem taxes was mailed to Mr. and Mrs. Joseph Fein III only. The tax deed was filed in the Orleans Parish Conveyance Office on February 27, 2004. On April 7, 2009, LeBorne II transferred all of its right, title and interest in and to the subject property by quitclaim deed to Orleans District Redevelopment Corporation (“ODRC”).
On April 29, 2009, ODRC filed a petition to quiet tax title pursuant to La. Constitution Article VII § 25[1] against defendants. On May 26, 2009, the trial court appointed *1201 a curator to represent the defendants after the Orleans Parish Civil | .(¡Sheriffs Office unsuccessfully attempted to serve them. The curator answered the petition to quiet title on June 8, 2009. Shortly thereafter, the curator successfully located defendants and on June 25, 2009, defendants, on their own behalf, filed a second answer.
On February 3, 2011, ODRC filed a motion for summary judgment quieting title to the property. ODRC argues in its motion that summary judgment should be granted to quiet title because the defendants failed to file suit annulling the tax sale within six months following the service of its petition to quiet title. In support of its motion for summary judgment, ODRC attached (1) a certified copy of the tax sale deed, (2) a certified copy of the quitclaim deed, and (3) an affidavit of Allen H. Borne, Jr., Manager of LeBorne II, L.L.C. A hearing on the motion for summary judgment was held on May 13, 2011; however there was a dispute as to whether defendants filed an opposition to the motion for summary judgment and the trial court granted ODRC’s motion for summary judgment without permitting oral argument from either side[2].
On May 20, 2011, defendants filed a motion for new trial arguing that the opposition was in fact filed on March 17, 2011, and that the granting of the summary judgment in this matter was both premature and contrary to law. Specifically, the motion for new trial argues that: (1) the January 2004 tax sale was an absolute nullity because the tax collector conducting the sale failed to give |4proper notice to all defendant owners of the property, (2) material facts exist as to whether notice was actually delivered to all defendants and as to the contents of such alleged notice since the parties have not conducted thorough discovery on these issues; (3) the court failed to recognize that the continuous, open possession of the property on behalf of the defendant owners operated to prevent prescription from commencing thus, the tax sale purchase could not legally *1202 confirm title to the property; and (4) ODRC did not file its petition in accordance with La. R.S. 47:2266[3] since “ODRC” failed to notify and name in its ordinary proceeding all |5necessary parties whose interests the petitioner seeks to be terminated, failed to include the time and place of the sale, and failed to include the name of the officer who made the sale.” In support of the motion for new trial, defendants attached (1) an affidavit of Henry Mentz, Jr. who testified that he, on March 17, 2011, delivered an opposition to motion for summary judgment to the Clerk of Court as well as to Judge Medley’s chambers, and (2) a copy of the memorandum in opposition to motion for summary judgment with attachments.
In opposition to the motion for new trial, ODRC argues that (1) defendants are procedurally barred from assailing the tax sale deed since they did not institute an action to annul the tax sale within six months of being served with the petition to quiet title, and (2) the trust is not an indispensable party to the instant litigation because defendant Louise Fein died on December 26, 2009, which was twenty five days after the six month preemptive period for instituting an annulment action had expired.
A hearing on the motion for new trial was held on July 8, 2011, and after brief arguments, the trial court again granted ODRC’s motion for summary judgment. Defendants now appeal this final judgment.
STANDARD OF REVIEW
Appellate courts review the grant or denial of a motion for summary judgment *1203 de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, |fiand admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. Id.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2). Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish those ends. Id. La. C.C.P. art. 966(C)(2) provides that where, as in the instant case, the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact, and the movant is entitled to summary judgment as a matter of law.
DISCUSSION
On appeal, defendants argue that the trial court erred in granting ODRC’s motion for summary judgment because: (1) inadequate notice was provided to at 17least two of the four record owners of the property; (2) two of the four property owners were given no notice at all of the impeding tax sale; (3) the requirements of the tax sale were not met; (4) the procedural requirements of the petition to quiet title were not met, thus if the six month prescriptive period to annul were relevant, that prescriptive period has not begun; (5) an indispensable party to the action has not been joined; (6) the original record owners have maintained open and continuous physical possession of the property in question, and to date, continue to do so.
The first issue to be addressed by this Court is whether the original tax sale was an absolute nullity due to inadequate notice since this issue could be dis-positive of the case. Under the Fourteenth Amendment to the United States Constitution and La. Const. Art. I, § 2, a person is protected against a deprivation of his life, liberty or property without due process of law. Hamilton v. Royal Intern. Petroleum Corp., 2005-846, p. 9 (La.2/22/06), 934 So.2d 25, 32 (citation omitted). The fundamental requirement of procedural due process is notice and the opportunity to be heard at a meaningful time and in a meaningful manner. Id.
La. Const, art. VII, § 25 requires the tax collector to provide notice to a delinquent taxpayer. In enacting former *1204 La. R.S. 47:2180[4], which was in effect at the time of this tax sale, the legislature established the manner in which notice of delinquencies in immovable property taxes should be provided in compliance with La. Const, art. VII, § 25. Specifically, La. R.S. 47:2180 provides:
A. (l)(a) On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which |shave been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
(b) On the second day of January of each year, or as soon thereafter as possible, in each year following the year in which the original notice of delinquency is made pursuant to Subparagraph (a) herein, the tax collector shall address to each taxpayer who has not paid the taxes which have been assessed to him on immovable property a written notice in the manner provided herein. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. The notice shall be made each year until the property is no longer redeemable as provided in Article VII. Section 25(B) of the Constitution of Louisiana. The cost of mailing the notice shall be considered cost for purposes of redemption.
(2) Any taxpayer may designate one additional person to be notified in the event of a delinquency. Such designated person shall receive the same notification as the delinquent taxpayer and such notice shall be made in the manner provided herein.
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtors property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service |flof notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording *1205 and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect actual mailing costs of each certified, with return receipt, notice, and mileage shall be charged for service of this notice. A like charge will be made if the property is adjudicated to the state or any subdivision thereof.
C. The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all known owners of assessed immovable property situated in his parish, and to non-resident owners of such property whose post office address is unknown, in which he shall describe the property as described in the tax roll. Such notice shall be published once a week for two weeks in a newspaper published in his parish, or if there be none published in the parish, then such notice shall be given in the manner provided by law for judicial sales. He shall pay for the publication, and shall be entitled to collect as costs therefor the pro rata share of the publication costs from each unknown owner or from the property assessed to him. The collector shall certify on his tax rolls that he has published the notices, and the certificate on either roll shall make full proof thereof until disproved in a judicial proceeding.
D. Within thirty days after the tax sale, or as soon thereafter as possible, the tax collector shall research the records of the clerk of court for transfers on all property sold. Within thirty days of finding a transfer of any property sold at a tax sale, the tax collector shall attempt to serve the new owner with a certified notice that the property was sold and include in the notice the amount necessary to redeem the property. This notice shall also advise the owner that the property may be redeemed at any time within three years from the date recordation of the sale. This shall serve as the required notice to the record owner in Subsection A of this section.
In discussing La. R.S. 47:2180, the Louisiana Supreme Court in Lewis, stated “in order to give property owners reasonable notice so as not to deprive | inthem of constitutionally protected property rights, the tax collector is required to provide ‘each taxpayer’ with written notice, sent by certified mail return receipt requested, alerting each record owner of the immovable property that the owner’s failure to pay the taxes within twenty days will result in the sale of the property.” Lewis v. Succession of Johnson, 05-1192, p. 8 (La.4/4/06), 925 So.2d 1172, 1177-1178. The Supreme Court stated that “a sale of property for delinquent taxes is invalid if the tax collector has failed to comply with the legal requirements for giving notice to the tax debtor and, if in consequence, the tax debtor did not have notice prior to the sale.” Id. p. 9, 925 So.2d at 1177-1178. Further, the Supreme Court held “that each co-owner is entitled to individual written notice of delinquent taxes . because alienation by tax sale of immovable property, owned in indivisión, without notice to each co-owner deprives the owners of due process.” Id. p. 15, 925 So.2d at 1181.
After reviewing the record, we agree with the defendants that summary judgment in this matter was premature as it is unclear whether all four property owners received notices of tax delinquency and notice of the tax- sale. The only document *1206 in the record is the tax sale deed itself; however, it states that notice was only sent to Mr. & Mrs. Joseph Fein III. The affidavits of Joseph Fein, Jerome Fein, and Mary Ryan Fein, which are attached to defendants’ opposition for summary judgment, allege that they did not receive notice of the tax delinquencies nor the tax sale and that the only notice they received of a tax sale on their property was through the petition to quiet title. Because lack of notice to all co-owners provides grounds to invalidate the tax sale, we hereby reverse the granting of the summary judgment and remand this matter to the trial court as there are genuine Inissues of fact concerning whether notice was properly provided to the property owners.
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
BONIN, J., concurs with additional reasons.

. On the date of the tax sale, the provisions of La. Const. Art. VII, § 25, pertinent to this matter, provided:
(A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector without suit, and after giving notice to the delinquent in the manner provided by law shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal, as provided by law for sheriff's sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
[[Image here]]
(B) Redemption. (1) The property sold shall be redeemable for three years after the date of *1201 recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
⅜ ⅜ ⅜ ⅝
(C) Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given. The fact that taxes were paid on a part of the property sold prior to the sale thereof, or that a part of the property was not subject to taxation, shall not be cause for annulling the sale of any part thereof on which the taxes for which it was sold were due and unpaid. No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sales annulled because the taxes were paid prior to the date of sale.
(D) Quieting Tax Title. The manner of notice and form of proceeding to quiet tax titles shall be provided by law.

. Although the opposition to the summary judgment is missing from the record, counsel for plaintiff acknowledged at the hearing that there was an opposition filed. Further, defendants filed an affidavit of Henry Mentz who, on May 26, 2011, testified that on March 17, 2011, at 11:45 a.m., he "filed a Motion and Order for Continuance of Rule to Show Cause and a Memorandum in Opposition to Motion for Summary Judgment” and that he "immediately after filing said Motion and Memorandum with the Clerk of Court, ... walked an original copy of the pleadings to the chambers of the Honorable Lloyd J. Medley, ... for the setting of a new hearing date and for delivery of the Memorandum.”

. La. R.S. 47:2266. Procedure to quiet tax titles
A.(1) After expiration of the redemptive period, an acquiring person may institute an ordinary proceeding against the tax sale parties whose interests the petitioner seeks to be terminated. The petition shall contain a description of the property, the time and place of the sale, and the name of the officer who made the sale, the page and record book and date of filing of the tax sale certificate, and for adjudicated properties sold or donated by a political subdivision, reference to the page of record book and date of filing of the sale or donation, notice that the petitioner is the holder of tax sale title to the property by virtue of tax sale or is the owner of the property by virtue of a sale or donation of adjudicated property, and notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation. This suit shall be brought in the parish in which the property is located unless it lies in two or more parishes, in which case this suit may be instituted in either of the parishes.
(2) The petition and citation shall be served as in ordinary suits; however, if a tax sale party is a nonresident of the state, is unknown, or his residence is unknown, the court shall appoint a curator ad hoc to represent hi and receive service. The curator shall receive a reasonable fee for his services to be fixed by the court in each suit, which shall be taxed as costs of suit. If no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein.
B. In all cases when tax titles have been quieted by prescription of five years under the provisions of Article VII, Section 25 of the Louisiana Constitution, the purchaser, donee, or his heirs or assigns may, either obtain a judgment of the court confirming the title by suit in the manner and form in Subsection A of this Section, except that he delay for answer shall be ten days instead of six months, provided that the failure to bring suit shall in no manner affect such prescriptive titles.
C. The petitioner may file a notice of lis pendens with the recorder of mortgages of the parish in which the property is located. A transfer, mortgage, lien, privilege, or other encumbrance filed after the filing of the notice of lis pendens shall not affect the property. The recorder of mortgages of the recorder of conveyances shall cancel, erase, terminate, or release the acts upon the request of the petitioner.

. La. R.S. 47:2180 was repealed by Acts 2008, No. 819, § 2, effective January 1, 2009. The substance of former La. R.S. 47:2180, 2180.1 and 2181 was consolidated and reproduced, with certain modifications, and renumbered as current La. R.S. 47:2153 by Acts 2008, No. 819, § 1.