STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2019 CA 0435

BRANDI WATERS

VERSUS

SUSAN HEBERT AND SHELTER MUTUAL INSURANCE COMPANY

JUDGMENT RENDERED: **NOV 2 0 2019**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket No. 657,337 • Sec. 25

The Honorable Wilson Fields, Judge Presiding

* * * * * * *

Scott M. Emonet
Kelly E. Balfour
Mark K. White
Baton Rouge, Louisiana

Gregory P. Aycock
Stephen F. Butterfield
Brent E. Kinchen
Baton Rouge, Louisiana

ATTORNEYS FOR APPELLANT
PLAINTIFF—Brandi Waters

ATTORNEY FOR APPELLEES
DEFENDANTS—Susan Hebert and
Shelter Mutual Insurance
Company

* * * * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**WELCH, J.**

The plaintiff, Brandi Waters, challenges a jury verdict awarding her damages in the total amount of $13,461.86 for injuries that she sustained in an automobile accident. The defendants, Susan Hebert and her automobile liability insurer, Shelter Mutual Insurance Company ("Shelter"), have answered the appeal, seeking a reduction in the amount of expert witness fees and costs assessed against them. We affirm the judgment in accordance with the jury verdict and deny the answer to appeal in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

On April 24, 2017, the plaintiff filed a petition for damages naming Ms. Hebert and Shelter as defendants. The plaintiff alleged that on September 29, 2016, she was rear-ended by Ms. Hebert and that Ms. Hebert was liable to her for her injuries and damages. The defendants filed an answer generally denying the plaintiff's claims; however, the defendants subsequently admitted liability for the accident.

On May 7, 8, and 9, 2018, a jury trial was held on the issues of medical causation and damages. Based on the evidence and after deliberation on May 9, 2018, the jury returned a verdict in the plaintiff's favor awarding her compensatory damages in the total amount of $13,461.86, *i.e.* $8,461.86 in past medical expenses and $5,000.00 in general damages for past pain and suffering. The jury declined to award the plaintiff any damages for future medical expenses, future pain and suffering, past and future loss of enjoyment of life, and mental anguish. On June 13, 2018, the trial court signed a judgment in accordance with the jury verdict. Thereafter, the plaintiff filed a motion to tax costs, and a motion for judgment notwithstanding the verdict ("JNOV"), for a new trial, and/or to nullify the jury verdict. Pursuant to a judgment signed by the trial court on October 22, 2018, the trial court denied the plaintiff's motions for JNOV, new trial, and to nullify the

jury verdict, and granted the plaintiff's motion to tax costs, assessing the defendants with costs and expert witness fees in the total amount of $20,113.41.

The plaintiff has appealed the judgment rendered in accordance with the jury verdict, essentially seeking an increase in the compensatory damages awarded by the jury. The defendants have answered the appeal, essentially seeking a reduction in the amount of expert witness fees and costs that it was assessed pursuant to the October 22, 2018 judgment.[1]

Compensatory damages are classified as either special or general. **McGee v. A C And S, Inc.**, 2005-1036 (La. 7/10/06), 933 So.2d 770, 774. On appeal, the applicable standard of review depends on the classification of the particular item of damages at issue. "Special damages" are those which have a ready market value such that the amount of damages theoretically may be determined with relative certainty, including medical expenses and lost wages. *Id.* Future medical expenses are an item of special damages. *Id.*; see also **Guillory v. Insurance Co. of North America**, 96-1084 (La. 4/8/97), 692 So.2d 1029, 1031-1032. The proper standard for determining whether a plaintiff is entitled to future medical expenses is proof

---

[1] We note that the defendants suggest, in their brief, that this Court may lack subject matter jurisdiction over this appeal due to a defect in the plaintiff's motion for appeal. In the plaintiff's motion for appeal, she stated that she desired to appeal the May 9, 2018, jury verdict—not the June 13, 2018 judgment in accordance with the jury verdict. However, the jury verdict itself is not appealable. See La. C.C.P. arts. 1813, 2082, 2083, and 2121. The motion for appeal also references the October 22, 2018 judgment denying the plaintiff's motion for JNOV, new trial, and to nullify the jury verdict (but solely in the context of the motion for appeal being timely filed) and a judgment denying a motion for JNOV or new trial is an interlocutory order and generally not appealable. See La. C.C.P. art. 2083(C). Nonetheless, it is clear from the motion for appeal and the plaintiff's sole assignment of error that she sought to appeal the June 13, 2018 judgment rendered in accordance with the jury verdict. Since appeals are favored in the law and will be dismissed only when the grounds for dismissal are free from doubt, we find the plaintiff's mistake in listing the date of the jury verdict, rather than the date of the judgment rendered in accordance with the jury verdict, insufficient grounds for the dismissal of this appeal. Thus, we find the appeal of the merits of the judgment rendered in accordance with the jury verdict is properly before us. See **Byrd v. Pulmonary Care Specialists, Inc.**, 2016-0485 (La. 1st Cir. 12/22/16), 209 So.3d 192, 195.

Likewise, we note that the defendant's answer to appeal pertains to that portion of the October 22, 2018 judgment relative to costs. However, the plaintiff did not appeal any portion of the October 22, 2018 judgment. Nevertheless, since answers to appeals are also favored and because of the ambiguity in the plaintiff's motion for appeal and the specific reference therein to the October 22, 2018 judgment, we will consider the merits of the defendant's answer to appeal. See La. C.C.P. arts. 2133 and 2164; see also **Michel v. Maryland Cas. Co**, 81 So.2d 36 (La. App. 1st Cir. 1955).

by a preponderance of the evidence the future medical expense will be medically necessary. **Menard v. Lafayette Ins. Co.**, 2009-1869 (La. 3/16/10), 31 So.3d 996, 1006. However, an award for future medical expenses is, in great measure, highly speculative, not susceptible to calculation with mathematical certainty, and generally turns on questions of credibility and inferences. *Id.* A jury's decision regarding special damages is subject to the manifest error standard of review, which only allows an appellate court to adjust a special damage award where: (1) there is not reasonable factual basis for the jury's decision, and (2) the decision is clearly wrong. See **Guillory**, 692 So.2d at 1032.

As evidenced by the verdict, the jury made a factual finding that the plaintiff was entitled to an award for past medical expenses, but that she was not entitled to an award for future medical expenses. The plaintiff's claim for future medical expenses was based on Dr. Kevin McCarthy's testimony that the plaintiff was a candidate for several treatment options. However, the testimony of Dr. McCarthy, Dr. Keith Mack, and the plaintiff also established that the plaintiff had not followed through with treatment recommended by either Dr. Keith Mack or Dr. McCarthy. From this, the jury could have reasonably concluded that while the plaintiff may have sustained some injuries immediately after the accident, by the time of trial, those injuries had either subsided and/or there were no medically necessary future medical expenses that she would incur. Based on our review of the record, we find there was a reasonable basis to support the jury's conclusion in this regard. Thus, we find no manifest error in the jury's decision not to award the plaintiff future medical expenses.

As to general damages, we note that general damages are those which may not be fixed with pecuniary exactitude; instead, they involve mental or physical pain or suffering, inconvenience, the loss of gratification or physical enjoyment, or other losses of life or life-style which cannot be measured definitely in monetary

4

terms. **Duncan v. Kansas City Southern Railway Co**, 2000-0066 (La. 10/30/00), 773 So.2d 670, 682; see also **McGee**, 933 So.2d at 774. Vast discretion is accorded the trier of fact in fixing general damage awards. *Id.* This vast discretion is such that an appellate court should rarely disturb an award of general damages. *Id.*, citing **Youn v. Maritime Overseas Corp.**, 623 So.2d 1257, 1261 (La. 1993). Thus, the role of the appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather, to review the exercise of discretion by the trier of fact. **Duncan**, 773 So.2d at 682; **Youn**, 623 So.2d at 1260. Reasonable persons frequently disagree about the measure of general damages in a particular case. **Youn**, 623 So.2d at 1261. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. *Id.*

Thus, the initial inquiry, in reviewing an award of general damages, is whether the trier of fact abused its discretion in assessing the amount of damages. **Cone v. National Emergency Services Inc.**, 99-0934 (La. 10/29/99), 747 So.2d 1085, 1089. Only after a determination that the trier of fact has abused its "much discretion" is resort to prior awards appropriate, and then only to the extent of lowering it (or raising it) to the highest or (lowest) point which is reasonably within that discretion. **Coco v. Winston Industries, Inc.**, 341 So.2d 332, 335 (La. 1976).

As to the plaintiff's claim on appeal that the jury's award of general damages ($5,000 for past pain and suffering) was insufficient and that she should be awarded an increase in those damages for future pain and suffering, past and future loss of enjoyment of life, and mental anguish, based on our review of the record, particularly the testimony of the plaintiff, we cannot say that the jury's

5

award was under that which a reasonable trier of fact could assess for the effects of the particular injury to the plaintiff under the particular circumstances. Based on the evidence, the jury could have reasonably concluded that while the plaintiff may have sustained some injuries and been in some pain immediately after the accident, that her injuries did not affect her lifestyle or inflict any mental anguish, and/or by the time of trial, that her injuries had either subsided or that she was no longer in pain. Thus, we cannot say that the jury abused its discretion with respect to its general damage award.

Lastly, with respect to the defendant's answer to appeal regarding the assessment of expert witness fees, in particular, the expert witness fees of Dr. McCarthy and Dr. Mack, we note that under La. R.S. 13:3666, La. R.S. 13:4533, and La. C.C.P. art. 1920, the trial court has great discretion in awarding costs, including expert witness fees, deposition costs, exhibit costs and related expenses. **Bourgeois v. Heritage Manor of Houma**, 96-0135 (La. App. 1st Cir. 2/14/97), 691 So.2d 703, 706. While the general rule is that the party cast in judgment should be assessed with court costs, the trial court may assess costs in any equitable manner and against any party in any proportion it deems just. See La. C.C.P. art. 1920; **Bourg v. Cajun Cutters, Inc.**, 2014-0210 (La. App. 1st Cir. 5/7/15), 174 So.3d 56, 73, writ denied, 2015-1305, 2015-1253 (La. 4/4/16), 90 So.3d 1201, 1205. An expert witness is entitled to reasonable compensation both for his court appearance and for his preparatory work. **Bourgeois**, 691 So.2d at 708. Factors to be considered by the trial judge in setting an expert witness fee include the time spent testifying, time spent in preparatory work for trial, time spent away from regular duties while waiting to testify, the extent and nature of the work performed, and the knowledge, attainments and skill of the expert. *Id.*

Although, as the defendants point out, the amount of costs and expert witness fees assessed against them exceeds the amount ultimately recovered by the

6

plaintiff, based on our review of the record, we cannot say that the trial court abused its discretion in either setting the expert witness fees for Dr. McCarthy and Dr. Mack, or in assessing those fees and other costs to the defendants. Therefore, we deny the answer to appeal.

Accordingly, the June 13, 2018 judgment in accordance with the jury verdict is affirmed and the defendants' answer to appeal is denied. All costs of this appeal are assessed equally between the plaintiff, Brandi Waters, and the defendants, Susan Hebert and Shelter Mutual Insurance Company.

**AFFIRMED; ANSWER TO APPEAL DENIED.**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0435

BRANDI WATERS

VERSUS

SUSAN HEBERT, ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MCCLENDON, J., dissenting in part.**

I disagree with the majority's decision to deny the answer to appeal regarding the assessment of expert witness fees. Even though Dr. McCarthy contracted for $5,000.00 per hour as an expert witness fee, the bill is not controlling and I find this to be abusively high.